## BAKER'S HEIRS v. DUFF.

Court of Appeals of Kentucky.
Dec. 1, 1950.

As Modified on Denial of Rehearing
Feb. 20, 1951.

Further Rehearing Denied May 11, 1951.

Barney W. Baker, Hazard, for appellants.

Don Ward, Hazard, C. E. Duff, Breckinridge & Breckinridge, Lexington, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment fixing street assessment liens against certain property upon which appellant's hold vendor's liens, and ordering a sale. It was entered after the original judgment in the action was reversed in City of Hazard v. Duff et al., 295 Ky. 701, 175 S.W.2d 357, to which reference is made for more detailed facts.

The original judgment recited that the street improvement assessments exceeded 50 percent of the value of the lots involved; and therefore the City of Hazard was liable for the excess under the provisions of KRS 94.320(4). In reversing the case, this Court directed that further proof be taken in order to determine the value of these lots, "and for such further proceedings as the facts may warrant."

The mandate of this Court was filed on February 26, 1944, notice thereof being given to appellee but not to appellants. Proceedings in the case thereafter were in a horrible state of confusion, and counsel for neither party on this appeal has given us a clear explanation of the various motions, counter-motions, orders and judgments that thereafter found their way into the record.

It appears that on the basis of proof taken by appellee, the Court finally adjudged the lots had a value in excess of 50 percent of the street improvement assessments; and the effect of this determination was to absolve the City of Hazard of liability and increase the amount of the street assessment liens against the property.

The question on this appeal as presented by appellants is: "Where several or severable judgments are rendered against different defendants in the same action and in favor of one plaintiff, and where one of the defendants appeals and on a reversal and remanding of the case the one appealing successfully defends himself, will the plaintiff be permitted to recoup his loss against a defendant who did not appeal and against whom no appeal was taken or cross appeal prayed?"

If this is the question, the answer is simple. *Appellants were parties to the former appeal.* This is shown by the statement on appeal and by acceptance of serv-

ice of summons on appeal by appellants' attorney for and on their behalf.

Appellants tenaciously cling to the idea that the former judgment is the only one having any binding effect upon them. That judgment, however, was reversed on an appeal to which appellants were parties, and pursuant to the mandate of this Court, it was set aside. Clearly appellants could have no rights thereunder.

The mandate was filed in 1944, but the former judgment was not set aside until May 24, 1948. That same order passed upon several motions that appellants had filed since the original judgment, and it specifically referred to the opinion of this Court in City of Hazard v. Duff et al., 295 Ky. 701, 175 S.W.2d 357.

Although appellants were not served with a notice of the filing of the mandate, it is evident from the record that they, and their attorney, had adequate notice that the former judgment had been extinguished, and that they would be bound by further proceedings in the action. The judgment appealed from is a part of the further proceedings, and it properly determined appellants' rights.

The judgment is affirmed.